Richard S. Heller, J.
William Lidell, husband of the claimant, died shortly before midnight on January 27,1961, as a result of an accident on New York State Highway Route 79 which came about when the car he was driving skidded and struck a utility pole located within the right of way.
Earlier in the evening the deceased had driven into Binghamton from his home in Lisle, New York, for the purpose of participating in a league bowling game. He was accompanied by his brother-in-law and another passenger. After the game the three started for their homes. They proceeded north on Route 79 to a point about a mile south of Whitney Point when the car went into a skid and after turning sideways, skidded for approximately 300 feet before coming into contact with a telephone pole located several feet to the east of the paved portion of the highway. After hitting the pole the car travelled an *484 additional 40 feet northerly. The car was broken in half and was demolished.
Claimant contends that the State was negligent in allowing ice or hard-packed snow to accumulate and create a hazardous condition which was not properly signed for the traveling public and further, that the presence of the utility pole within the right of way constituted negligence. The State denies the negligence and contends that the sole cause of the accident was the negligence of Lidell.
Boute 79, a macadam road, is straight for some 150 yards when a driver going north approaches a curve to the right. The west side of the edge of the right of way is heavily wooded for some distance before and after the accident scene. The east side of the highway is bordered by a bank for approximately the same distance. There is testimony that this stretch of road between the woods and the bank remained snow covered for a longer period than other parts of the road. There is also testimony by the same witness that there were other places on the highway that did not clean up as fast and that on the night of this accident there were other snow and ice patches to the south of the accident scene.
Claimant’s passengers both testified that the night was cold and clear. One testified that the ice or snow patch at the beginning of the curve south of the accident scene was the only patch, the other said there were isolated patches of ice and snow on the road between Binghamton and Lisle. One testified that the driver was going 50 to 55 miles per hour at the time of the accident, the other that the speed was 55 to 60 miles per hour. One testified that as the car started to skid the driver froze at the wheel, the other remembers nothing. Both place the start of the skid at the beginning of the curve. All three had travelled this road many times in Summer and Winter.
At midnight on January 26, 1961, it began to snow. The fall was light but the State sent out crews to sand and cinder the hills and ice patches. The foreman testified that this section of road was sanded on two occasions and that a small ice patch near the curve was cindered as late as 11:00 a.m. There is testimony by several that there was evidence of sanding at the scene. Snow fell at intervals throughout January 27 and ended at 7:42 p.m. The depth was less than 0.05 inch. The temperature of January 27 ranged from zero to 12 degrees above. The temperature on January 28, at 12:55 a.m., which was about one hour after the accident, was 4 degrees above zero.
The State is not an absolute insurer of the safety of its highways under all conditions but must use reasonable care in the *485 maintenance of the roads. In this case the court finds that the employees of the State did all that they could do to protect the traveling public considering the nature of the weather and the enormity of the problem. (Porcaro v. State, 16 A D 2d 1020.)
If by any stretch of the imagination it could be held that the State must clear off each and every patch of ice or snow or, in the alternative, to warn of each isolated spot the theory of reasonableness would go out the window. A driver would no longer have to be prudent and we could no longer hold, as the court does in this claim, that the driver was negligent.
The court feels that the State has established that Mr. Lidell was negligent. His knowledge of the road, the weather conditions, the presence of other patches on the road and the speed of the car do not add up to the general rule that a person should observe such precaution as may be necessary to prevent injury to himself.
The presence of the utility pole within the right of way does not constitute negligence.
The claim is dismissed.
Either party may serve findings of fact and conclusions of law 20 days after the date of this decision and they will be marked by the court. If not filed as stated they will be deemed to have been waived.